UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURIE DANIELS,

      Plaintiff,

                          Case No. 07-14474
v.                              Honorable Julian Abele Cook, Jr.

COMMISSIONER OF SOCIAL SECURITY,
      Defendant.

## ORDER

The Plaintiff, Laurie Daniels ("Daniels"), filed a complaint under 42 U.S.C. § 402(g), in which she requested the Court to review a final decision by the Commissioner of the Social Security Administration who denied her claim for disability benefits. Daniels and the Commissioner have filed motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]

These two dispositive motions were referred to Magistrate Judge Charles E. Binder who filed his report on July 21, 2008, in which he recommended that the Court (1) grant the Commissioner's motion for summary judgment and (2) deny Daniels' motion for summary judgment. Neither party has filed an objection to Magistrate Judge Binder's report and recommendation as of this date.

For the reasons that have been set forth below, the Court adopts the report and

---

[1] Fed. R. Civ. P. 56(c) states, in pertinent part, that "(t)he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law."

1

recommendations of Magistrate Judge Binder in full.

I.

Daniels' employment history includes such positions as receptionist, bookkeeper, bartender, and debt collector. On April 17, 2003 and December 15, 2003, Daniels filed claims for disability insurance benefits and Social Security supplemental income with the Social Security Administration, contending that she had become disabled as of September 7, 2002 as the result of a mental illness which, in turn, prevented her from performing work in the national economy.

Following the denial of these claims, she sought and obtained a hearing before an administrative law judge in an effort to obtain a reversal of the adverse decisions which had rejected her applications for relief. After considering the issues *de novo*, Edward D. Steinman, the administrative law judge to whom the case had been assigned for his consideration, rendered a decision on May 16, 2007 in which he concluded that Daniels was not a disabled person because she was able to perform a full range of light work. His decision became final on August 24, 2007.

II.

This Court has the authority to review a final decision of the Social Security Administration to determine if it is supported by substantial evidence on the record and whether the Commissioner applied the correct legal standards to the issues. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Serv.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been described as the requisite amount of proof that would be necessary for a "reasonable mind [to] accept as adequate to support a conclusion." *Id.* (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Thus, this Court must conduct its review based only on the record and, in so doing, it should not attempt to try the case *de novo*,

"make credibility determinations," or "weigh the evidence." *Id.* (citing *Reynolds v. Sec'y of Health & Human Serv.*, 707 F.2d 927 (6th Cir. 1983).

III.

In her appeal to this Court, Daniels argues, in essence, that the administrative law judge committed a number of substantive errors in his decision when he rejected her application for disability benefits. Initially, she submits that the administrative law judge did not satisfy the requisite standards of Social Security Rule (SSR) 00-4p by failing to ask the vocational expert whether the evidence, in his opinion, was in conformity with the Dictionary of Occupational Titles (DOT).

It should be noted that this provision of the Social Security Act is to be followed when the reviewing judicial officer is called upon to resolve conflicts between the conclusions of a vocational expert and the language within the DOT. However and despite Daniels' arguments to the contrary, the administrative law judge did make an explicit finding on this issue; namely, he opined that the testimony by the vocational expert was consistent with the DOT. Thus, this argument by Daniels must fail as the record does not support her position on this issue. *See Martin v. Comm'r of Soc. Sec.*, 170 Fed. Appx.369, 374 (6th Cir. 2006) (administrative law judge, not being aware of any conflict, is not required to explain how it was resolved); *see also Winstead v. Comm'r,* No. 1:06cv590, 2008 U.S. Dist. LEXIS 23418, at *22-24 (S.D. Ohio Mar. 25, 2008) (even where evidence may be in conflict with the DOT, it is up to the administrative law judge to decide if the vocational expert's testimony reflects the applicant's physical and mental capabilities).

Next, Daniels argues that there was no substantial evidence to support the denial of benefits because the administrative law judge summarily and wrongly discounted the opinions of her

treating physician. Four years ago, the Sixth Circuit Court of Appeals declared that the medical opinion of a treating physician should be accorded more weight than the views of a non-treating doctor if it is supported by "medically acceptable clinical and laboratory diagnostic techniques." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Nevertheless, there are certain circumstances in which the administrative law judge may be justified in giving the treating physician's opinion less evidentiary weight than usual. *See id.* (treating physician's opinion may be given less weight than the conclusion by a non-treating doctor if such factors as "the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source" are considered).

Here, Daniels is correct when she submits that the administrative law judge assigned less weight to her doctor than that which is normally given to a treating physician. However, Daniels is incorrect when she contends that this assignment of the evidentiary weight by the administrative law judge was without justification. The administrative law judge was justified in his assignment of the weight to be given to Daniels' treating physician because a substantial amount of evidence in the record tended to contradict his medical evaluation. Although her treating physician had opined that she had "severe" impairments in both of her upper extremities, there is no other medical evidence in the record to support this diagnosis. Thus, the Court concludes that the administrative law judge was warranted in his assessment of the evidence.

VI.

For the reasons that have been stated above, the Court adopts in full the report of Magistrate Judge Binder. Hence, the Court will, and does, (1) grant the Commissioner's motion for summary judgment, and, (2) deny Daniels' request for similar relief.

4

IT IS SO ORDERED.

Dated: September 23, 2008    s/ Julian Abele Cook, Jr.
       Detroit, Michigan    JULIAN ABELE COOK, JR.
                                                  United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 23, 2008.

                                                    s/ Kay Alford
                                                    Case Manager